MEMORANDUM

On motion to dismiss supplemental bill

PROCTOR, J.
The original bill prayed only for receivership of the property interests of McLean in the estate of his aunt. The decree, appointing receivers, consented to by McLean, was limited to that property. The decree was grounded upon consent, rather than upon facts alleged in the bill, which would not alone have justified the decree. Soon thereafter McLean was adjudged insane by a Maryland court. He has since continued to live there. That court has appointed a committee of the person and estate. Ancillary powers have been given by this court.
Now, by the supplemental bill, it is sought to extend the receivership to other properties, including funds coming to the ancillary committee from a spendthrift trust created by the father of the lunatic. In my opinion, this cannot properly be done. The supplemental bill has the inherent weakness of the original bill in its lack of jurisdictional facts. Standing alone it cannot support a decree for receivers of the property therein described. Nor can it fairly claim support from the existing receivership, for that rests upon McLean’s consent, which by clear implication is limited to specific property. To now extend that receivership to additional property would be to give unlimited effect to a limited consent. The court ought not do that. If McLean was sui juris would an extension of the receivership be warranted without his consent? If so, why was not the original bill general in its scope ? If not, *149 how can the lunacy of McLean and consequent ancillary committeeship add any support for enlargement of the receivership ? The lunacy of McLean does not in any way restrict the right of his creditors to pursue their legal remedies to enforce collection of their claims. Those rights remained unaffected. They were not diminished or enlarged. They were the ordinary common law and statutory remedies available to all creditors. They gained no special privilege under the law when the debtor became insane; nor should advantage accrue to them in a court where an ancillary committee happens to be appointed. If any creditor’s right to sue McLean has been barred by the running of the statute of limitation, that has only come about through neglect to pursue his full legal remedy, and not because the law has operated to deprive him of any rights.
The motion to dismiss supplemental bill will be granted.